1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN GILBERT,

          Plaintiff,

    v.

OAKDALE SHOPPING CENTER L.L.C., et al.

          Defendants.

Case No.  1:22-cv-01305-BAM

**ORDER GRANTING PLAINTIFF'S REQUEST FOR ADMINISTRATIVE RELIEF FROM SERVICE DEADLINE**

(Doc. 16)

Currently before the Court is Plaintiff Darren Gilbert's ("Plaintiff") request to extend the time for service of the summons and complaint on Defendant Oakdale Shopping Center L.L.C. ("Defendant Oakdale"). (Doc. 16.)  Defendants Monica Diane Willey and Best Deal Food Company, Inc. have appeared and answered the complaint.  (*See* Docs. 8, 14.)

Rule 4 of the Federal Rules of Civil Procedure governs the time limit for service of the summons and complaint and provides, in relevant part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Thus, a showing of good cause requires the Court to grant an extension of time for service.  *Id.*  However, absent a showing of good cause, the Court also has discretion under Rule 4(m) to either order that service be made within a specified time or to dismiss the action without prejudice.  *See id.; In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("[U]nder the

terms of the rule, the court's discretion is broad.").

Here, more than 90 (90) days have passed since Plaintiff filed the complaint on October 13, 2022, and summons issued.  In support of the request for an extension of time to complete service, Plaintiff asserts that he "has been diligently attempting to serve Defendant [Oakdale] with the Summons and Complaint, but has not been able to effect service on Defendant to date." (Doc. 16 at 1.)  According to the declaration of Plaintiff's counsel, Plaintiff's process server attempted to serve Defendant Oakdale at an address identified through review of the California Secretary of State business search.  The process server reported that a female occupant at the residence address, when called through the intercom on three separate occasions, indicated that the agent for service was not home.  (Doc. 16-1, Declaration of Tanya Moore at ¶¶ 2-3.)  On January 9, 2022, Plaintiff's counsel, through her paralegal, directed the process server to conduct a stakeout, but according to the process server, after the first attempt, a female occupant of the residence answered the door and mentioned that the agent was not home.  (*Id.* at ¶¶ 4-5.)

Plaintiff now intends to request service on Defendant Oakdale at Southstar Financial and Development Corporation, agent Andrew South, in Portland, Oregon.  (*Id.* at ¶ 6.)  Plaintiff therefore requests that he be given until March 13, 2023, to effect service of the complaint on Defendant Oakdale.  (Doc. 16 at 2.)

Having considered the moving papers, the Court finds good cause to extend the deadline. Plaintiff has explained efforts to effectuate service and has identified the reasons for delay. Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Request for Administrative Relief from Service Deadline (Doc.16) is GRANTED; and

2. Plaintiff shall serve Defendant Oakdale with the summons and complaint no later than March 13, 2023.

IT IS SO ORDERED.

Dated:   __January 13, 2023__                    ___/s/ Barbara A. McAuliffe___
UNITED STATES MAGISTRATE JUDGE

2