UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OAKDALE SHOPPING CENTER L.L.C., et al.,<br><br>　　　　　Defendant. | Case No.  1:22-cv-01305-ADA-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Doc. 34 |

Currently pending before the Court is a motion for leave to file a first amended complaint filed by Plaintiff Darren Gilbert's ("Plaintiff") on July 5, 2023. (Doc. 34.) Defendant Best Deal Food Company, Inc. ("Defendant Best Deal") filed a notice of non-opposition to Plaintiff's motion on July 20, 2023. (Doc. 37.) Defendant Oakdale Shopping Center L.L.C. did not file an opposition or notice of non-opposition. The Court's Scheduling Conference Order notes that all stipulated amendments or motions to amend were to be filed by July 5, 2023. (Doc. 33 at 2.)

This matter was reset before Magistrate Judge Barbara A. McAuliffe and deemed submitted on the record without the need for oral argument pursuant to Local Rule 230(g). (Doc. 36.) Having considered the unopposed motion and the record in this case, Plaintiff's motion for leave to amend will be GRANTED.

///

1

**DISCUSSION**

Plaintiff's motion for leave to file a first amended complaint was filed on July 5, 2023. (Doc. 34.) The Court's Scheduling Conference Order required all stipulated amendments or motions to amend be filed on or before July 5, 2023. (Doc. 33 at 2.) Plaintiff's motion to amend is therefore considered under the Federal Rule of Civil Procedure 15 standard for amendment to the pleadings. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (holding that motion to amend filed after pretrial scheduling order deadline must satisfy the requirements of Federal Rule of Civil Procedure 16). Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the

most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

The Ninth Circuit has articulated the test for futility as when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citing *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). However, denial of leave to amend on this ground is rare. *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id.*

Having considered the parties' briefing, the Court finds that there will be little prejudice to Defendants in permitting the amendment. *See* (Doc. 34 at 4) (noting that Plaintiff made clear his intent to amend once additional barriers to access were identified and that Defendants were aware of what barriers to access exist); (Doc. 37) (Defendant Best Deal does not oppose this amendment). The Court additionally finds that Plaintiff has not unduly delayed in seeking to amend his complaint and the amendment is not brought in bad faith. *See* (Doc. 34 at 3.) (Plaintiff received his consultant's findings on June 29, 2023 and attempted to meet and confer with Defendants to determine if they would stipulate to the amendment). On the factor of futility, Plaintiff argues that amendment would permit Plaintiff to include a full list of barriers Plaintiff is entitled to have removed and allow Plaintiff to achieve complete redress through this action. (Doc. 34 at 4.) Defendants have not opposed amendment on futility grounds. *See* (Doc. 37.) The Court therefore finds that amendment would not be futile.

Given that the motion to amend was not made in bad faith and amendment would not be futile, and no undue delay or prejudice to the opposing party will result, leave to amend will be granted.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 34) is GRANTED;

2. Plaintiff shall file his First Amended Complaint no later than five (5) court days after this Order; and

3. Defendants shall file their responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following electronic service of the First Amended Complaint.

IT IS SO ORDERED.

Dated:  **August 7, 2023**          /s/ *Barbara A. McAuliffe*
                                                           UNITED STATES MAGISTRATE JUDGE